IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KHRISTIA BYNUM, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | ) ) ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) ) | _____ |
| v. | ) ) | |
| CLAYTON COUNTY PUBLIC SCHOOLS AND CLARENCE E. COX, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Khristia Bynum ("Ms. Bynum" or "Plaintiff"), and hereby files this Complaint for Damages against Defendants Clayton County Public Schools and Clarence E. Cox (collectively "Defendants"), showing the Honorable Court as follows:

## INTRODUCTION

This is an action for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §201 *et seq.* Plaintiff asserts

assert these claims individually, and on behalf of all other current and former employees who are similarly situated.

## PARTIES

1.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff submits herself to the jurisdiction of this Court. At all times relevant to this suit, Plaintiff was an employee of Defendants within the meanings of the FLSA.

2.

Defendant Clayton County Public Schools ("Clayton County") is a political subdivision of the State of Georgia subject to suits of this kind and nature. Clayton County may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and other applicable law, including, but not limited to, by serving a copy of the Complaint and Summons on the Superintendent of Schools, Luvenia Jackson, at her pace of business: 1058 Fifth Avenue, Jonesboro, Georgia 30236.

3.

Defendant Clarence E. Cox ("Chief Cox") is the Chief of the Clayton County Schools Police Department and/or the Director of Safety and Security for the Defendant Clayton County. At all times relevant to this action, Chief Cox was

the final policy making official with regard to personnel decisions of the Clayton County Schools Police Department/Office of Safety and Security, including hiring, firing, suspensions, compensation and operating procedures. Chief Cox may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and other applicable law, including, but not limited to, by serving a copy of the Complaint and Summons to Chief Cox at his place of business: the Office of Safety and Security, 1098 Fifth Avenue, Jonesboro, Georgia 30236.

4.

At all material times to this Complaint, Chief Cox exerted substantial control over Plaintiff and Clayton County's compliance with the FLSA relative to Plaintiff and others similarly situated.

5.

Defendants, individually and collectively, are employers within the meaning of the FLSA.

6.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce," pursuant to the FLSA.

7.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. 201, *et. seq.* At all times material to this action, Defendants have had an annual gross volume of sales which exceeded $500,000.

8.

At all relevant times, Defendants were aware of the existence and requirements of the FLSA, including, without limitation, the duty to pay Plaintiff and others similarly situated overtime compensation.

## **VENUE AND JURISDICION**

9.

Venue is proper under 28 U.S.C. §1391(b) and other applicable law. The unlawful employment practices occurred within the Northern District of Georgia.

10.

Defendant regularly conduct business within this State and District.

11.

This Court has jurisdiction over Defendants.

## **UNDERLYING FACTS**

12.

Defendants hired Plaintiff as an Investigator with the Clayton County Schools Police Department/Office of Safety and Security on August 1, 2014. Plaintiff remained employed by Defendants as an Investigator until her discharge in June 2015.

13.

Plaintiff's primary job duties, as well as other similarly situated employees, involved conducting basic investigations, interviewing witnesses, and preparing reports.

14.

Throughout her employment, Plaintiff, as well as other similarly situated Investigators, routinely worked many hours in excess of 50 hours per week.

15.

In addition to her regularly scheduled work hours as an investigator, Defendants required Plaintiff, as well as other similarly situated, to work basketball games, football games and attend board meetings after her normal work hours. Plaintiff, as well as other similarly situated, were also required to work after their normal work hours to assist in searching for students that were missing or who had

reportedly "ran away." Defendants also required Plaintiff to be on-call for 24 hours at certain times.

16.

Defendants did not, however, pay Plaintiff, nor others similarly situated, overtime for hours worked over 40 at 1.5 times their regular rate of pay.

17.

Plaintiff's supervisor closely monitored her work and controlled the manner in which she performed her duties.

18.

Plaintiff did not supervise other employees, nor did she have any management functions. Plaintiff did not have the authority to hire, fire or otherwise discipline any other employees.

19.

Plaintiff did not have the authority to independently make any significant decisions regarding Defendants' operations or business.

20.

As set forth in the United States Department of Labor's Fact Sheet #17J (attached as Exhibit A), and based on applicable law, Plaintiff was a non-exempt

employee under the FLSA and was therefore protected by the overtime provisions of the FLSA.

21.

As a non-exempt employee, Plaintiff should have been paid overtime for all hours worked over 40 per workweek.

22.

Despite their knowledge of the need to pay Plaintiff and others similarly situated overtime pay at 1.5 her regular pay for all hours over 40 per week, Defendants intentionally failed to pay Plaintiff any overtime.

23.

Defendant's failure to record all hours worked by Plaintiff and its failure to pay her overtime for all hours worked in excess of 40 per workweek constitutes violations of the FLSA.

## COUNT I
## WILLFUL FAILURE TO PAY OVERTIME WAGES

24.

Plaintiff incorporates by reference all preceding Paragraphs of the Complaint.

25.

Plaintiff was employed by Defendants as a non-exempt employee and should have been paid overtime for all hours worked in excess of 40 hours a week.

26.

Plaintiff, and other similarly situated Investigators, routinely worked in excess of 50 hours a week throughout their entire employment with Defendants.

27.

The FLSA's overtime requirements apply to Defendants.  However, Defendants failed to pay Plaintiff any overtime compensation at 1.5 her regular pay rate for all hours worked over 40 per workweek.  Defendants also failed to pay similarly situated employees overtime for hours worked over 40.

28.

Defendants knew that they misclassified Plaintiff as an exempt employee, but failed to correct their error and continued paying her a fixed salary without regard to her overtime hours.  Defendants' repeated failures to pay Plaintiff overtime constitutes willful violations of the FLSA.

29.

Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.  Among other things, Defendants failed

to record or otherwise maintain accurate records of all hours worked by Plaintiff. Defendants also failed to pay Plaintiff overtime for hours worked over 40 throughout her entire employment.

30.

As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to her unpaid overtime wages, liquidated damages, costs, and attorney's fees as well as the other relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment against Defendants along with the following relief:

a.  Declaratory judgment that Defendants have willfully violated the FLSA;

b.  Judgment against Defendants for full back pay for unpaid overtime;

c.  Judgment against Defendants for liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

d.  Judgment against Defendants for attorney's fees and costs of litigation;

e.  Judgment against Defendants for prejudgment interest;

f.  Appoint a permanent monitor to review Defendants' compliance with the requirements of the FLSA; and

g.  Any and all such further relief that this Court or the finder of fact deems equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and other applicable law, Plaintiff hereby demands a trial by jury.

Respectfully submitted this 1st day of January, 2015.

**PRIOLEAU & MILFORT, LLC**

/s/ Job J. Milfort
Job J. Milfort, Esq.
Ga. Bar No. 515915
job_@pmlawteam.com

BB&T Building -- Atlantic Station
271 17th Street, N.W., Suite 520
Atlanta, Georgia  30363
(404) 681-4886 (Phone)
(404) 920-3330 (Facsimile)

*Attorney for Plaintiff Khristia Bynum*